UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x   25-CV-6603(NGG)(TAM)

CHRISTOPHER BROWN,

                                          Plaintiff,   **FIRST AMENDED COMPLAINT**

                -against-

                                              JURY TRIAL DEMANDED

THE CITY OF NEW YORK, NYPD SERGEANT
NICKI CANADY, NYPD LIEUTENANT GABRIEL
CUEVAS, NYPD DETECTIVE REGINALD SMITH,
and NYPD LIEUTENANT FORREST HIRSCH,   ECF CASE
Individually and in their official capacities.

                                      Defendants.

------------------------------------------------------------------x

Plaintiff, CHRISTOPHER BROWN, by his attorney, THE LAW OFFICE OF CHRISTOPHER H. FITZGERALD, hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights and respectfully alleges as follows:

## I.      PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff CHRISTOPHER BROWN seeks relief for the defendants' violation of his rights secured by 42 U.S.C. § 1983, by the United States Constitution and by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

2.      The acts complained of begin when plaintiff was arrested on June 6, 2020, for possession of a firearm despite the complete absence of probable cause that he committed any crime on that date. Plaintiff never possessed a firearm on June 6, 2020. After plaintiff's false arrest, plaintiff was assaulted by NYPD officers for telling the defendant officers that they arrested the wrong person.  The prosecution of plaintiff continued for over two years due to

defendants' false testimony at the grand jury, suppression hearing, and trial.  On November 29, 2022, a Kings County jury acquitted plaintiff of all charges against him.

## II.      JURISDICTION

3.      This action is brought pursuant to 42 U.S.C §§ 1983 for violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C §§ 1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## III.      VENUE

5.      Venue in the United States District Court for the Eastern District of New York because the plaintiff's claims arose in the County of the Kings, which falls within the jurisdiction and venue of the Eastern District of New York.

## IV.      JURY TRIAL DEMANDED

6.      Plaintiff respectfully demands a trial by jury on each and every one of his claims as pleaded herein, pursuant to Fed. R. Civ. P. 38(b).

## V.      THE PARTIES

7.       That at all times hereinafter mentioned, the plaintiff was a resident of the City and State of New York.

8.      That at all times hereinafter mentioned, the defendant, the CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under the laws of the State of New York.

9.      That at all times hereinafter mentioned, the defendants, NYPD SERGEANT NICKI CANADY, NYPD LIEUTENANT GABRIEL CUEVAS, NYPD DETECTIVE

REGINALD SMITH, and NYPD LIEUTENANT FORREST HIRSCH were or still employed by the NEW YORK CITY POLICE DEPARTMENT.

10. All of individually named defendants referenced above were members of the NYPD's Public Safety Team ("PST") at all times relevant hereto.

11. That at all times hereinafter mentioned, the defendant officers and/or detectives were acting within the scope and course of their employment with the NEW YORK CITY POLICE DEPARTMENT, and under the color of state law.

12. That all of the causes of action pleased herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.    STATEMENT OF FACTS

13. On or about June 6, 2020, at approximately 11:30 PM, plaintiff, CHRISTOPHER BROWN, and his acquaintance were walking on the sidewalk near the intersection of Newport Street and Bristol Street in Kings County, City and State of New York.

14. Despite the complete absence of probable cause that plaintiff had committed any crime on that date or any date prior, OFFICER NICKI CANADY with the assistance of LIEUTENANT GABRIEL CUEVAS and DETECTIVE REGINALD SMITH arrested plaintiff on the sidewalk near the intersection on Newport Street near Bristol Street in Kings County.

15. Plaintiff was arrested for possession of a loaded firearm, even though no firearm was recovered from plaintiff, nor did plaintiff ever possess a firearm at any time on June 6, 2020. SERGEANT NICKI CANADY falsely alleged that she saw through a parked car window, at night, plaintiff remove a firearm from his person and place a firearm on the ground.

16.     SERGEANT NICKI CANADY recovered a firearm without gloves from the ground on Bristol Street after the arrest of plaintiff.

17.     SERAGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH did not canvass for surveillance video after the arrest of plaintiff.

18.     After the arrest of the plaintiff, SERGEANT NICKI CANADY and LIEUTENANT GABRIEL CUEVAS assaulted plaintiff numerous times in the unmarked police vehicle when plaintiff was being transported to NYPD's 73rd Precinct. The assaults occurred after plaintiff told the defendant officers that they arrested the wrong person.

19.     SERGEANT NICKI CANADY and LIEUTENANT GABRIEL CUEVAS caused numerous injuries to plaintiff as a result of the assault, including multiple bruises and abrasions to plaintiff's body.

20.     After his arrest was processed, plaintiff was taken to central bookings at 120 Schermerhorn Street in Kings County, where he was incarcerated until his arraignment on June 7, 2020.

21.     Plaintiff was charged with Criminal Possession of a Weapon in the Second Degree (P.L. § 265.03(3)) and other lesser included charges at his arraignment in Kings County Criminal Court on June 7, 2020. Bail was set at $7,500 cash over $7,500 insurance company bond, and $7,500 partially secured bond. Plaintiff posted bail and was released on June 7, 2020.

22.     As a result of the false allegations against plaintiff, a violation of probation was lodged and required plaintiff to make regular court appearances for the next two years on the violation of probation in addition to the two years of court appearances for charges arising from the June 6, 2020, arrest.

23. Plaintiff was indicted by a Kings County Grand Jury due to fabricated and false testimony given by SERGEANT NICKI CANADY on November 11, 2020, and LIEUTENANT GABRIEL CUEVAS on December 3, 2020.

24. SERGEANT NICKI CANADY falsely testified in the grand jury on November 11, 2020, that she saw plaintiff remove a firearm from his person and place a firearm on the ground.

25. LIEUTENANT GABRIEL CUEVAS testified on December 3, 2020, before the Kings County Grand Jury that he only saw plaintiff and no one else on the sidewalk the night of June 6, 2020. At plaintiff's trial on November 18, 2022, LIEUTENANT CUEVAS testified that he saw plaintiff and another individual who he was walking with on the night of June 6, 2020.

26. LIEUTENANT GABRIEL CUEVAS continued to testify falsely during the suppression hearing held on March 9, 2022, stating the plaintiff dropped a hard object on the ground.

27. SERGEANT NICKI CANADY continued to testify falsely during suppression hearing held on March 28, 2022, stating that she observed plaintiff discard a firearm from his person on June 6, 2020, on Newport Street near Bristol Street in Kings County. SERGEANT NICKI CANADY testified falsely at trial on November 10, 2022, to the same fabrication.

28. On November 14, 2022, DETECTIVE REGINALD SMITH falsely testified that on June 6, 2020, on Newport Street near Bristol Street in Kings County Plaintiff approached a parked vehicle and kneel down behind the parked vehicle. DETECTIVE REGINALD SMITH further testified that he heard a metal clang behind the parked vehicle.

29. On November 18, 2022, LIEUTENANT GABRIEL CUEVAS falsely testified at trial that on June 6, 2020, he observed Plaintiff crouch down behind a parked vehicle on Newport

Street near Bristol Street in Kings County. LIEUTENANT CUEVAS further testified that he heard a clank of a metal object on the ground.

30. On November 29, 2022, plaintiff was acquitted by a Kings County trial jury on all charges based on the false allegations from June 6, 2020. Plaintiff was required to be present at the trial which lasted multiple weeks, preventing plaintiff from working.

31. SERGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH were not wearing their NYPD issued body-worn cameras due to the illegal direction of their superior officer, LIEUTENANT FORREST HIRSCH.

32. LIEUTENANT FORREST HIRSCH directed SERGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH not to wear their body-worn cameras during their tour on June 6, 2020, because the defendant officers were on alert to support fellow NYPD officers with the Black Live Matter protests that were held on June 6, 2020.

33. SERGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH failed to complete a stop report (PD383-151) for plaintiff's acquaintance, who was also stopped by the said NYPD OFFICERS.

34. SERGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH all received departmental recognition for excellent police duty because of the arrest of plaintiff on June 6, 2020.

35. LIEUTENANT GABRIEL CUEVAS, and DETECTIVE REGINALD SMITH failed to intervene and prevent the illegal arrest of plaintiff on June 6, 2020.

36. DETECTIVE REGINALD SMITH failed to intervene during the assault of plaintiff in the unmarked police vehicle on June 6, 2020.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of the defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, their agents, and the individual defendants, servants, and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant with all of actual and/or apparent authority attendant thereto.

42. The individual defendants, and defendants CITY OF NEW YORK, NYPD SERGEANT NICKI CANADY, NYPD LIEUTENANT GABRIEL CUEVAS, NYPD DETECTIVE REGINALD SMITH, and NYPD LIEUTENANT FORREST HIRSCH, collectively and individually, while acting under color of state law, engaged in Constitutionally violative

conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and their standing within their community.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST AND EXCESSIVE FORCE UNDER NEW YORK CITY**
**ADMINISTRATIVE CODE § 8-801 ET SEQUITUR**

44.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45.     The Individual Defendants restrained and arrested plaintiff without probable cause at the direction of, or under practices, policies or customs promulgated by the aforesaid individually named defendants and other agents of the NEW YORK CITY POLICE DEPARTMENT.

46.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

47.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

48.     Plaintiff was unnecessarily struck, shoved, and punched by defendant SERGEANT NICKI CANADY and LIEUTENANT GABRIEL CUEVAS inside of the unmarked police vehicle transporting plaintiff to the NYPD 73rd Precinct on June 6, 2020.

49. The circumstances presented to the individually named defendants at the time did not support any of the above applications of force on plaintiff.

50. Plaintiff was subjected to excessive force and was assaulted by defendants SERGEANT NICKI CANADY and LIEUTENANT GABRIEL CUEVAS in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

51. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer bodily injury, including multiple bruises and abrasions to his body, violation of his civil rights, emotional distress and anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and standing within his community.

52. As a result, defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**THIRD CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983**

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants NYPD SERGEANT NICKI CANADY, NYPD LIEUTENANT GABRIEL CUEVAS, NYPD DETECTIVE REGINALD SMITH, and NYPD LIEUTENANT FORREST HIRSCH, and other unidentified officers without probable cause.

55. Defendants commenced the criminal action against the plaintiff in the absence of any probable cause that a crime had been committed.

56. Defendants commenced this criminal action out of malice.

57. The criminal action against plaintiff has terminated in his favor.

58.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty were not otherwise privileged.

59.    That plaintiff was aware of the confinement.

60.    Any attendant criminal complaint or felony indictment that resulted was the product of fraud, perjury, the fabrication of evidence, or other police conduct enumerated above undertaken in bad faith.

61.    That by virtue of the aforementioned acts by the Individual Defendants, plaintiff was deprived of civil rights guaranteed under the Fourth and Fourteenth Amendments to the United States to be free from prosecution without probable cause, and the Individual Defendants are liable to plaintiff for damages under 42 U.S.C. § 1983.

62.    That as a direct, sole and proximate result of the defendants' actions, plaintiff was caused to sustain psychological trauma, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, fear and distrust of the police, and the disturbance and disruption of life.

63.    As a result of the above unconstitutional conduct, the individual defendants are liable for punitive damages.

### FOURTH CLAIM
### FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. § 1983

64.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65.    Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian.

66.     Other individual defendants, working as a unit, were present for the above-described incidents and witnessed other defendants, to wit, unlawfully use unlawful force against plaintiff.

67.     For instance, LIEUTENANT GABRIEL CUEVAS and DETECTIVE REGINALD SMITH did not take action or make any effort to intervene in the false arrest of plaintiff by SERGEANT NICKI CANADY.

68.     Likewise, SERGEANT NICKI CANADY and LIEUTENANT GABRIEL CUEVAS's use of force against plaintiff was obviously excessive and unjustified under the circumstances, yet DETECTIVE REGINALD SMITH did not take any action or made any effort to intervene, halt or protect plaintiff from being subjected to excessive force by SERGEANT NICKI CANADY and LIEUTENANT GABRIEL.

69.     The NYPD defendants' violations of plaintiff's constitutional rights by failing to intervene in SERGEANT NICKI CANADY's false arrest of plaintiff nor intervene in the unconstitutional use of force for the injuries and damages set forth above.

**FIFTH CLAIM**
**FABRICATION OF EVIDENCE UNDER 42 U.S.C. §1983**

70.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71.     By deliberately manufacturing false evidence against Plaintiff, including in police reports containing the defendant officers' own fabricated and falsified accounts that Plaintiff had committed crimes and/or offenses, and forwarding that fabricated evidence to prosecutors, the defendant officers caused plaintiff to be arrested, detained, and in violation of plaintiff's rights, pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to

due process of law and to a fair trial, and are liable to plaintiff under 42 U.S.C. § 1983, for compensatory and punitive damages.

72.    As a result of defendants' impermissible conduct, plaintiff was injured and harmed.

73.    SERGEANT NICKI CANADY fabricated testimony before a Kings County grand jury on November 11, 2020, at the suppression hearing on March 28, 2022, and at the trial on November 10, 2022.

74.    LIEUTENANT GABRIEL CUEVAS fabricated testimony before a Kings County grand jury on December 3, 2020, and at the trial on November 18, 2022.

75.    DETECTIVE REGINALD SMITH falsified testimony at the trial on November 14, 2020.

76.    As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

77.    As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## SIXTH CLAIM
## CIVIL RIGHTS CONSPIRACY UNDER 42 U.S.C. § 1983

78.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

79.    SERGEANT NICKI CANDAY, LIEUTENANT GABRIEL CUEVAS, DETECTIVE REGINALD SMITH, and LIEUTENANT FORREST acting within the scope of their employment and under color of state law, agreed among themselves and with other individuals to act in concert in order to deprive plaintiff of his clearly established Fourth and

Page 12 of 17

Fourteenth Amendment rights to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law, and also deprived Plaintiff of his right to a fair trial.

80.    In furtherance of the conspiracy, Defendants engaged in and facilitated numerous overt acts, including, without limitation, the following: Falsely arresting and imprisoning plaintiff, knowing that they lacked probable cause;

a.    Unlawfully arresting him;

b.    Committing, suborning and failing to correct perjury during grand jury proceedings, suppression hearing, and trial.

c.    Plaintiff is completely innocent of all the charges that he was arrested for that are relevant to this complaint.

81.    As a direct and proximate result of these Defendants' actions, plaintiff spent multiple days incarcerated, his family was distress, he was unlawfully arrested, searched and interrogated, he lost income, and suffered the other grievous and continuing damages and injuries set forth above.

## SEVENTH CLAIM
### *MONELL* CLAIM AGAINST DEFENDANT CITY UNDER 42 U.S.C. § 1983

82.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83.    The NYPD places a high priority on recovering firearms and prosecuting firearm related offenses.

84.    In fact, NYPD officers are highly incentivized to recover firearms and are often given citations by the department for getting "good numbers" on gun arrests, resulting in higher status within the department, faster promotions, and other career benefits.

85. This has resulted in a culture of making gun arrests by any means necessary, even if it means violating the constitutional rights of arrestees.

86. Members of the NYPD's Public Safety Teams (PST) and Neighborhood Safety Teams (NST) have been cited for their particular lack of compliance with the requirements of the New York and United States Constitutions.

87. In order to see more gun arrests, command level officers in the NYPD often choose to ignore departmental tools of accountability—in particular, Body Worn Cameras (BWC).

88. On the date of the incident, defendant LIEUTENANT FORREST HIRSCH was the final policy maker for the PST that arrested Plaintiff.

89. Defendant LIEUTENANT FORREST HIRSCH instituted a *de facto* policy directing his subordinates not to use BWC on the date of Plaintiff's arrest, specifically to avoid accountability related to any constitutional violations committed by his officers.

90. Defendants SERGEANT NICKI CANADY, LIEUTENANT GABRIEL CUEVAS, NYPD DETECTIVE REGINALD SMITH, and LIEUTENANT FORREST HIRSCH arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

91. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

92. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK

POLICE DEPARTMENT, all under the supervision of officers of said department.

93.     The NYPD has a long history of both explicit and *de facto* policies which violate

the Fourth Amendment rights of the residents of New York City. These customs, policies, usages,

practices, procedures and rules of the CITY of NEW YORK and the New York City Police

Department include, but are not limited to, the following unconstitutional practices:

a.  explicit policies of "stop-and-frisk" that have been deemed to violate the Fourth

    Amendment, *see e.g. Floyd et al v. City of New York* 959 F.Supp.2d 540 (2013),

    which continue today as *de facto* policies, constructively acquiesced to by NYPD

    leadership.

b.  the Twenty-third Report of the Independent Monitor, dated February 3, 2025,

    found that that "improper unconstitutional searches continued to be conducted at

    an unacceptable rate."

c.  wrongfully arresting individuals engaged in first amendment protected expression

    without probably cause due to perceived lack of respect for the police officer

    through the content of their communications (i.e. "contempt of cop" arrests of

    persons engaged in first amendment protected expression);

d.  wrongfully arresting individuals engaged in first amendment protected expression

    without probable cause in attempts to justify excessive uses of force against same,

    (i.e. "contempt of cop," "cover charge" arrests; condoning brutality).

e.  The pervasive failure to train, supervise, instruct and discipline police officers

    with respect to the constitutional rights of citizens, and encouraging the ensuing

    misconduct through condoning officers' widespread custom or practice known as

Page 15 of 17

"the Blue Wall of Silence," wherein officers deliberately frustrate official and departmental oversight by discouraging officers from reporting violent and unlawful acts of other police officers, and by retaliating against officers who report police misconduct. [1]

94.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

95.    As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

96.    As a result of defendants' impermissible conduct, plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages, including loss of income;
b. Punitive damages;
c. The convening and empaneling of a jury to consider the merits of the claims herein;
d. Costs and interest and attorney's fees;
e. Such other and further relief as this court may deem appropriate and equitable.

DATED:    New York, New York
          December 22, 2025

Respectfully submitted,

**The Law Office of Christopher H. Fitzgerald**
*Counsel for Plaintiff*

---

[1] https://www.nypdmonitor.org/wp-content/uploads/2025/02/2025.02.03-Floyd-Dkt.-952-1-Monitors-23rd-Report.pdf

_____/s/_____
Christopher H. Fitzgerald (CF7339)
14 Wall Street, Suite 4C
New York, NY 10005
(212) 226-2275